IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| RICHARD W. ARMSTRONG; HARRY BRADSHAW; JUDITH BRADSHAW; STEPHEN McNALLY; and VOMCK, LLC | | PLAINTIFFS |
| v. | | CAUSE NO. 1:24CV103-LG-RPM |
| CITY OF LONG BEACH, MISSISSIPPI; MICHAEL GUNDLACH; LOUIS DEWITT ROBERTS; ALAN J. SIMMONS; AJS PROPERTIES, LLC; AEROCARE HOLDINGS, LLC; and JOHN DOES 1-25 | | DEFENDANTS |

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND UNRELATED STATE LAW CLAIMS

**BEFORE THE COURT** is the [8] Motion to Remand Unrelated State Law Claims filed by Plaintiffs Richard W. Armstrong, Harry Bradshaw, Judith Bradshaw, Stephen McNally, and VOMCK, LLC. Plaintiffs assert state and federal claims arising out of the re-zoning and subsequent commercial use of certain property in Long Beach, Mississippi. Defendants City of Long Beach and Michael Gundlach filed a response in opposition to the Motion, but Plaintiffs did not file a reply. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Plaintiffs' Motion to Remand should be denied.

## BACKGROUND

According to Plaintiffs, the land parcel located at 6005 Daugherty Road was designated for commercial use to a depth of 200 feet, with the remainder of the

parcel designated for residential use at least as early as 1995. [1-4 ¶¶31–32). In 1995, the property's owner, Defendant Louis Dewitt Roberts, asked the City of Long Beach to zone all of the property for commercial use so that he could build "mini-warehouses" on the property. *Id.* at ¶ 33. Long Beach granted the application despite opposition from Plaintiff Stephen McNally, who successfully appealed Long Beach's decision to the Circuit Court for Harrison County, Mississippi. *Id.* at ¶ 36. The Circuit Court held that Long Beach's decision to rezone the property as entirely commercial was "unreasonable, arbitrary, and capricious." *Id.* at ¶ 37.

Plaintiffs allege that Long Beach and the other defendants subsequently re-zoned the entire property for commercial use without providing Plaintiffs with proper notice and a hearing. *Id.* at ¶¶ 40–41, 45. In the alternative, Plaintiffs claim that Defendants either willfully or mistakenly failed to restore the residential status of a portion of the property after the Circuit Court's Order. *Id.* at 63–64. Plaintiffs claim that they learned of this failure after February 25, 2021. *Id.* at ¶¶81–82.

Plaintiffs claim that Defendant AJS Properties, LLC, acquired the 6005 Daugherty Road property in 2018. *Id.* at ¶66. AJS Properties and its associate, Defendant Alan J. Simmons, also currently own parcels located at 6003 Daugherty Road, 6011 Daugherty Road, and 6015 Daugherty Road. *Id.* at ¶65. Plaintiffs claim that Simmons has "caused or allowed LED flood lights to be installed at 6003 Daugherty that illuminate the Bradshaw's [sic] home and neighboring residential properties, invading through windows, doors, and yards." *Id.* at ¶67. Plaintiffs

further allege that Simmons's dumpsters and cardboard box bin cause litter and other disturbances that affect Plaintiffs' enjoyment of their property. *Id.* at ¶¶ 69–70. Plaintiffs claim that these actions by AJS and Simmons are:

> a continuation of a scheme begun by Mr. Roberts and the City. Mr. Simmons stands in Mr. Roberts' shoes, having realized, benefitted from and furthered the original unlawful acts and contributions to the Defendants' conspiracy to deprive the Plaintiffs of their civil rights to unlawfully commercially develop [6005 Daugherty Road] and 6011 Daugherty Road.

*Id.* at ¶74.

On February 25, 2021, Long Beach's Planning and Development Commission held a meeting to consider Simmons's request for permission to use 6005 Daugherty Road as a self-storage building, but it did not allow Plaintiff McNally to speak at the hearing. *Id.* at ¶¶75–76. Long Beach's Planning and Development Commission approved Simmons's application, and the Commission's minutes were approved "on March 2, 2021, before the time for appeal had run." *Id.* at ¶¶78–79. Defendant Michael Gundlach issued a building permit to AJS for the self-storage unit on June 10, 2021, but AJS's application for the building permit is dated June 15, 2021. *Id.* at ¶92. Plaintiffs claim that the application was incomplete, and it provided inaccurate information that essentially deprived Plaintiffs of a hearing and appeal. *Id.* at ¶¶94–97. Plaintiffs further assert that Simmons and AJS "conducted substantial unpermitted development at 6005 Daugherty Road . . . and 6011 Daugherty Road . . . with [Long Beach's] de facto approval." *Id.* at 100.

Plaintiffs further contend that Simmons and AJS built a parking lot without first obtaining a permit, and they performed other work that altered the natural

contours and drainage flow of 6005 and 6011 Daugherty Road. *Id.* at ¶¶101–04. Plaintiffs claim that Gundlach failed to adequately investigate their complaints concerning these problems, which violated Plaintiffs' "civil rights to a hearing regarding variance." *Id.* at ¶110. Simmons and AJS also constructed a fence without first obtaining a permit. *Id.* at ¶119. Therefore, Plaintiffs claim that Long Beach unlawfully issued a certificate of occupancy to Simmons and AJS without authority. *Id.* at ¶125.

Plaintiffs claim that all of these actions by Defendants decreased the value of Plaintiffs' nearby property and interfered with Plaintiffs' quiet enjoyment of their property. They attempt to assert claims for denial of their rights to substantive due process and equal protection pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and the Mississippi Constitution. They also allege that Defendants have committed a private nuisance and a trespass. They seek enforcement of the Unified Land Use Ordinance of the City of Long Beach, as well as declaratory relief, injunctive relief, a hearing de novo, compensatory damages, punitive damages, and attorneys' fees and costs.

Long Beach and Gundlach removed the case to this Court on the basis of federal question jurisdiction because of Plaintiffs' § 1983 and §1985 claims. *See* 28 U.S.C. § 1331. Plaintiffs filed the present Motion to Remand their private nuisance claim and their requests for enforcement of the Unified Land Use Ordinances because they claim that the Court does not have supplemental jurisdiction over these state law claims pursuant to 28 U.S.C. § 1367(a).

## DISCUSSION

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). 28 U.S.C. § 1367(a) provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Claims form part of the same case or controversy if they are "deriv[ed] from a common nucleus of operative fact." *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).

If a case contains a claim over which the district court has federal jurisdiction pursuant to § 1331 in addition to "a claim not within the court's original or supplemental jurisdiction or a claim that has been made nonremovable by statute, the entire action may be removed." 28 U.S.C. § 1441(c)(1). The district court must then sever all claims that are "not within [its] original or supplemental jurisdiction" as well as any claims that have "been made nonremovable by statute" and remand those claims to the state court from which they were removed. 28 U.S.C. § 1441(c)(2).

Plaintiffs argue that their private nuisance claims and their claims seeking enforcement of ordinances concerning lighting, fencing, and dumpster screening should be remanded to state court because they arise from "a separate nucleus of fact" from their federal civil rights claims. [9 pp. 1–2]. In their First Amended

Complaint, Plaintiffs allege that AJS and Simmons's violations of ordinances pertaining to lighting and dumpsters "are a continuation of a scheme begun by Mr. Roberts and the City." [1-4 ¶74]. They further assert that AJS and Simmons "benefitted from and furthered the original unlawful acts and contributions to the Defendants' conspiracy to deprive the Plaintiffs of their civil rights to unlawfully commercially develop" the property. *Id.* at ¶74. Furthermore, Plaintiffs allege that the illegal fencing on the property is a basis for finding that the City "unlawfully issued a certificate of occupancy [for the property] without authority." *Id.* at ¶¶ 119–29. Since Plaintiffs allege that the lighting, fencing, and dumpster violations were part of the alleged overarching conspiracy to deprive them of their civil rights, Plaintiffs' enforcement and nuisance claims are part of the same case or controversy as Plaintiffs' federal claims for violation of their civil rights.

However, the determination that a court has supplemental jurisdiction does not end the analysis because a court is authorized to decline to exercise supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). When deciding whether to decline to exercise supplemental jurisdiction, courts must also consider "the common-law factors of judicial economy, convenience, fairness, and comity." *Mendoza*, 532 F.3d at 347.

At this stage of the litigation, Plaintiffs have not identified a statutory or common-law basis for declining to exercise supplemental jurisdiction over Plaintiffs' state law claims. However, the Court may revisit this issue at a later time if all of Plaintiffs' federal claims are dismissed. *See* 28 U.S.C. § 1367(c)(3).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [8] Motion to Remand Unrelated State Law Claims filed by Plaintiffs Richard W. Armstrong, Harry Bradshaw, Judith Bradshaw, Stephen McNally, and VOMCK, LLC, is **DENIED** at this time.

**SO ORDERED AND ADJUDGED** this the 27th day of August, 2024.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE